IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,   )
                           )
         Plaintiff,      )
                           )
v.                      )    Case No. CR-95-99-003-L
                           )          CIV-05-1336-L
VINCENT BERRY,         )
                           )
        Defendant.     )

## O R D E R

This matter is before the court on defendant Vincent Berry's **(1)** "Motion for

Reduction of Sentence Pursuant to Title 18, United States Code, Section 3582(c)

(2) and Pursuant to Amendment 599 Made Retroactive November 1, 2000" **[Doc.**

**No. 216]**, and **(2)** "Motion to Supplement the 18 U.S.C. § 3582(c)(2) in Light of

the Supreme Court's Decision Invalidating the U.S.S.G. in Part Under 18 U.S.C. §

3553(b)(1) and 18 U.S.C. § 3742(e) in Light of Booker/Fanfan that Applies to All

Federal Sentences" **[Doc. No. 219]**.  The government has responded to these

filings.  The court has carefully considered the submissions of the parties and has

reviewed the court file in this matter.

The procedural history of this case reveals that after a trial to a jury,

defendant was found guilty on the following counts of the superseding indictment:

- Count 1 - conspiracy to rob various banks in violation of 18 U.S.C. §2113 and 18 U.S.C. §371;

- Count 2 - robbery of Local Federal Bank, a federally insured institution, in violation of 18 U.S.C. §2113;

- Count 3 - robbery of Bank of Oklahoma, a federally insured institution, in violation of 18 U.S.C. §2113;

- Count 4 - attempted robbery of Bank IV, a federally insured institution, in violation of 18 U.S.C. §2113; and,

- Count 7 - carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §924(c).

Defendant was sentenced on January 23, 1996 to, among other things, a term of incarceration of 192 months.  Defendant appealed his conviction and his Judgment and Sentence was affirmed by the Tenth Circuit Court of Appeals on June 18, 1997.  Defendant's petition for a writ of certiorari in the United States Supreme Court was denied on March 23, 1998.

On March 23, 1999 defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  This motion was denied by the court on May 1, 2000.  Defendant did not appeal the denial of his § 2255 motion.

Turning to the first of defendant's recently filed motions, the court notes that 18 U.S.C. § 3582(c) allows the court to modify a sentence in only three

limited circumstances, including: (1) on motion of the Director of the Bureau of Prisons if special circumstances exist; (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or (3) if the sentencing range is subsequently lowered by the Sentencing Commission.  United States v. Smartt, 129 F.3d 539, 540-41 (10th Cir. 1997).  Defendant asserts that he is entitled to a modification of his sentence based Amendment 599 of the United States Sentencing Guidelines (USSG).  Amendment 599 is attached as Exhibit 1 to the government's response.  As shown in the government's Exhibit 1, the stated reason for the amendment is "to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses."  The amendment has an effective date of November 1, 2000 and states that its purposes are to (1) avoid unwarranted disparity and duplicative punishment; and (2) conform application of guideline weapon enhancements with general guideline principles. *See* Exhibit 1 to the government's response.

Defendant claims that his sentence was improperly increased when he received weapons enhancements on certain bank robbery counts and was also sentenced to five years on Count 7 for carrying a firearm in relation to a crime of violence.  In defendant's words, he "had already been punished by the statute for the use and carry of a firearm pursuant to 18 U.S.C. § 924(c)(1) when he

subsequently received punishment again for conduct dealing with the same firearm under the Guidelines pursuant to § 2B3.1(b)(5) and (b)(2)(B)."

However, as outlined in the government's response, and as demonstrated by the record of the proceedings in this case, a modification of defendant's sentence is not called for under Amendment 599 because it is evident that defendant did not receive a weapons enhancement and a conviction under 18 U.S.C. § 924(c) for the same bank robbery.  Defendant's Presentence Investigation Report, filed under seal as Exhibit 2 to the government's response, reveals that weapons enhancements were applied in the guideline calculations pertaining to Counts 2 (robbery of Local Federal Bank) and 3 (robbery of Bank of Oklahoma).  Defendant was not charged under 18 U.S.C. § 924(c) with regard to either of these counts, however.  Defendant did not receive a weapons enhancement for Count 4 (attempted robbery of Bank IV), but was charged and convicted under § 924(c) with respect to this attempted robbery.  Therefore, there was no duplicative punishment despite defendant's arguments to the contrary. Defendant's sentence comports with Amendment 599 which itself provides in part that "if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. § 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. § 924(c) conviction."  *See* Exhibit 1 to the government's response. Application of Amendment 599 does not require a modification of defendant's

sentence and his motion pursuant to 18 U.S.C. § 3582(c)(2) should be and is hereby denied.

In considering and liberally construing defendant's "Motion to Supplement the 18 U.S.C. § 3582(c)(2) in Light of the Supreme Court's Decision Invalidating the U.S.S.G. in Part Under 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) in Light of Booker/Fanfan that Applies to All Federal Sentences", the court determines that defendant's claims based on the Supreme Court's decision in United States v. Booker, ____ U.S. ____, 125 S.Ct. 738 (2005) should be viewed as an attempt to file a second or successive motion under 28 U.S.C. § 2255.

As noted previously, defendant filed a § 2255 motion in 2000 and the motion was denied by the court.  Under the terms of 28 U.S.C. § 2255, a second or successive motion filed by a person attacking a conviction and sentence under § 2255 must be certified by a panel of the appropriate court of appeals before the district court may consider it.  Thus, in order to file a second or successive § 2255 motion in the district court, the movant must obtain prior authorization from the court of appeals.  *See* 28 U.S.C. §§ 2244(3)(A), 2255.  When a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by the appellate court, the district court should transfer the petition or motion to the appellate court in the interest of justice pursuant to 28 U.S.C. § 1631.  Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997).  Under Tenth Circuit precedent, this court may not

consider this supplemental motion absent proper certification from the court of appeals.

**Accordingly, based upon the above rulings, the court orders the following:**

- **Defendant's "Motion for Reduction of Sentence Pursuant to Title 18, United States Code, Section 3582(c) (2) and Pursuant to Amendment 599 Made Retroactive November 1, 2000" [Doc. No. 216] is DENIED.**

- **The Clerk of Court is directed to transfer Docket No. 219 to the United States Court of Appeals for the Tenth Circuit to be considered for authorization pursuant to 28 U.S.C. § 2244.**

It is so ordered this 15th day of December, 2005.

TIM LEONARD
United States District Judge