IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,        )
                                 )
v.                               )        Case No. CR-95-99-003-L
                                 )
VINCENT BERRY,                   )
                                 )
                Defendant.        )

## O R D E R

The court has received "Defendant's Motion for Reconsideration Pursuant

to Fed. R. Civ. P. Rule 59(e) Where the District Court has Erroneously Construed

Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2)

and Amendment 599 Made Retroactive by the Sentencing Commission Nov. 1,

2000 as a Habeas Corpus and or Second or Successive Petition" **[Doc. No. 228]**.

Initially, the court notes that this document was filed after defendant's

Notice of Appeal was filed [Doc. No. 226].  As a result, this court lacks authority to

consider this filing.  *See* Stewart v. Donges, 915 F.2d 572, 575 (10th Cir. 1990)

(filing of notice of appeal is event of jurisdictional significance – conferring

jurisdiction on the court of appeals and divesting the district court of control over

aspects of the case involved in the appeal); Garcia v. Burlington Northern R.R.

Co., 818 F.2d 713, 721 (10th Cir. 1987) (timely notice of appeal transfers matter

from district court to court of appeals and district court is thus divested of

jurisdiction).  Any ruling on the defendant's current motion would be null and void

in the absence of jurisdiction.  Accordingly, the motion is **STRICKEN.**

Alternatively, the court notes that the present motion and the Notice of

Appeal were both dated by defendant with the same date, December 29, 2005.

The filing of the Notice of Appeal first by the court clerk may have been merely

fortuitous.  Had the motion been filed first, however, it would be denied due to its

lack of merit. The Federal Rules of Civil Procedure do not recognize a motion to

reconsider.  Hatfield v. Board of County Comm'rs for Converse County, 52 F.3d

858, 861 (10th Cir. 1995).  Motions for reconsideration have a very limited

function in that they give the court an opportunity to correct manifest errors of law

or fact and to review newly discovered evidence or a change in the law.

A motion to alter or amend judgment pursuant to Rule 59(e) may be

granted if the movant establishes an intervening change in controlling law, the

availability of new evidence, or the need to correct clear error or prevent manifest

injustice.  Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 948 (10th

Cir. 1995).  Defendant's present fails to address or meet any of these

requirements.  In addition, defendant is incorrect in stating that the court

transferred his "Motion for Reduction of Sentence Pursuant to Title 18, United

States Code, Section 3582(c) (2) and Pursuant to Amendment 599 Made

Retroactive November 1, 2000" [Doc. No. 216] to the Tenth Circuit to be

considered for authorization pursuant to 28 U.S.C. § 2244.  The record clearly shows that the court denied this motion on the merits.

The court did transfer the following two documents to the Tenth Circuit: (1) defendant's "Motion to Supplement the 18 U.S.C. § 3582(c)(2) in Light of the Supreme Court's Decision Invalidating the U.S.S.G. in Part Under 18 U.S.C. § 3553(b)(1) and 18 U.S.C. § 3742(e) in Light of Booker/Fanfan that Applies to All Federal Sentences" [Doc. No. 219], and (2)  "Defendant's Traverse to the Government's Response to the Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) and Motion to Supplement the Motion for Reduction Pursuant to U.S. v. Booker" [Doc. No. 224].  These filings were properly transferred to the Court of Appeals based on the court's conclusion that they may be liberally construed to be attempts by defendant to file a second or successive motion(s) pursuant to 28 U.S.C. § 2255.  As previously stated by the court in its earlier orders, such motions may not be considered by this court absent authorization from the Tenth Circuit.

Thus, even if the court were to consider defendant's motion to reconsider as if it had been filed prior to his Notice of Appeal, it would be denied.

Accordingly,  "Defendant's Motion for Reconsideration Pursuant to Fed. R. Civ. P. Rule 59(e) Where the District Court has Erroneously Construed Defendant's Motion for Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) and Amendment 599 Made Retroactive by the Sentencing Commission Nov. 1,

2000 as a Habeas Corpus and or Second or Successive Petition" **[Doc. No. 228] is STRICKEN in light of the Notice of Appeal and this court's resulting loss of jurisdiction; alternatively, the motion is DENIED on the merits, all for the reasons stated above.**

It is so ordered this 9th day of January, 2006.

_Tim Leonard_

TIM LEONARD
United States District Judge

4